UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No. 2:16-cv-0492 AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for further consideration. The Administrative Law Judge ("ALJ") erred by rejecting the opinion of Aaron Cleveland, M.D., the treating doctor who opined on plaintiff's mental impairments. However,

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

because the Vocational Expert ("VE") was never asked a hypothetical that incorporated Dr. Cleveland's opinions, the ALJ must have an opportunity to reexamine plaintiff's residual functional capacity ("RFC") and the availability of jobs given his RFC.

## I. PROCEDURAL BACKGROUND

### A. Prior Application

Plaintiff initially applied for supplemental security income on November 27, 2000. Administrative Record ("AR") 10 (decision).[2] This claim was denied initially and upon reconsideration. Id. On June 19, 2002, the application was denied in a decision by an ALJ after a hearing in which plaintiff was represented by attorney Peter Brixie. AR 60 (prior decision). Plaintiff appealed to the Appeals Council and was denied review of the decision. AR 69. Plaintiff sought judicial review with the United States District Court, and the court remanded the case for consideration of new evidence. Id. A supplemental hearing was held on July 4, 2004 in which plaintiff was again represented by attorney Peter Brixie. Id. This application was subsequently denied on October 21, 2004 and the decision became administratively final. AR 69-77.

### B. The Current Application

Plaintiff's current application for supplemental security income was submitted on December 26, 2012. AR 205-210. The disability onset date was alleged to be June 1, 2006. AR 10. The application was disapproved initially and on reconsideration. Id. On July 2, 2014, ALJ Mark C. Ramsey presided over the hearing on plaintiff's challenge to the disapprovals. AR 31-55 (transcript). Plaintiff, who appeared with counsel, was present at the hearing and testified. Id. Elenia Sala, a VE, also testified at the hearing. Id.

On October 10, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 10-26 (decision), 27-30 (exhibit list). On February 23, 2016, after receiving additional evidence from plaintiff's attorney, the Appeals Council denied plaintiff's request for review, leaving the

---
[2] The AR is electronically filed at ECF Nos. 13-3 to 13-12 (AR 1 to AR 510).

ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision and additional evidence).

Plaintiff filed this action on March 9, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 9. The parties' cross-motions for summary judgment, based upon the administrative record filed by the Commissioner, have been fully briefed. ECF Nos. 16 (plaintiff's summary judgment motion), 21 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born on May 10, 1971, and accordingly was 41 years old on the alleged disability onset date, making him a "younger person" under the regulations. AR 24; see 20 C.F.R. §§ 404.1563(c) (age as a vocational factor), 416.963(c) (same). Plaintiff has a limited education, and can communicate in English. AR 24.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)

("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Andrews, 53 F.3d at 1039. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). The ALJ's or Appeals Council's finding of non-disability, once it becomes the final decision of the Commissioner, is given "res judicata effect" as to the period of disability covered by the decision, so long as no "manifest injustice" would result. Lyle v. Secretary of Health & Human Services, 700 F.2d 566, 568 & 568 n.2 (9th Cir. 1983).

However, for any subsequent, un-adjudicated period of alleged disability, an ALJ's finding that a claimant is not disabled only "create[s] a *presumption* that [the claimant] continued to be able to work" after the adjudicated period. Lester v. Chater, 81 F.3d 821, 827-28 (9th Cir. 1996) (emphasis added). "The claimant, in order to overcome the presumption of continuing nondisability, must prove 'changed circumstance' indicating a greater disability." Chavez, 844 F.2d at 693 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)). "An increase in the

severity of the claimant's impairment would preclude the application of res judicata." Lester, 81 F.3d at 827. In this case, the ALJ found plaintiff rebutted the presumption of continuing non-disability because of new evidence indicating a "worsening of condition, since the prior decision." AR 11.

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment….'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

5

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 416.920(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since December 26, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: schizophrenia, depressive disorder, anti-social personality disorder and poly substance abuse in reported remission (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: the claimant is limited to simple unskilled work with occasional public and fellow employee contact.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 7. [Step 5] The claimant was born on May 21, 1971, and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 8. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 9. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, since December 26, 2012, the date the application was filed (20 CFR 416.920(g)).

AR 13-25.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing "to provide clear and convincing reasons for rejecting" the opinion of plaintiff's treating psychiatrist, Aaron Cleveland, M.D. AR 16-1 at 9. Plaintiff requests that the matter be reversed and remanded to the Commissioner for an immediate award for benefits, or in the alternative, remanded for further proceedings. Id. at 15. The Commissioner, in turn, argues that the ALJ's findings are supported by substantial evidence and free of reversible legal error. ECF No. 21 at 14.

### A. The Medical Evidence Before the ALJ

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester, 81 F.3d at 830. In general, "conflicts in the evidence are to be resolved by the Secretary [their] determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, "where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." Lester, 81 F.3d at 830 (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). The Ninth Circuit has "also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions." Id. (citing Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate

////

7

reasons" supported by substantial evidence in the record for so doing. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

In this case, the ALJ considered the opinions of four mental health professionals, including claimant's treating psychiatrist. The opinion of non-examining psychiatrist D. Gross, M.D., was given little weight and is not at issue here. AR 19. Non-examining psychiatrist F. Mateus, M.D., and examining psychologist Charles Odipo, Ed.D., both found some moderate mental limitations and opined that claimant was capable of performing simple, unskilled work with occasional public and fellow employee contact.[3] AR 19-20. The opinions of Drs. Mateus and Odipo were given substantial weight on grounds "they are substantially consistent with each other. . . and supported by the mental health records." AR 20. Treating psychiatrist Aaron Cleveland, M.D., found claimant's impairments to be more severe.

Dr. Cleveland treated plaintiff starting in January 2013. AR 313. His treatment records are found at AR 412-13 (January 11, 2013) (Exh. B6F), 409-11 (January 15, 2013) (Exh. B6F), 386-89 (August 22, 2013) (Exh. B6F), 478-80 (August 28, 2013) (Exh. B10F), 471-74 (September 26, 2013) (Exh. B10F), 465-68 (October 21, 2013) (Exh. B10F), 443-46 (January 2, 2014) (Exh. B10F). On August 28, 2013, Dr. Cleveland completed a Mental Medical Source Statement, following a same day doctor visit of plaintiff. AR 417-18 (Exh. B7F). The ALJ gave the opinion "little weight." AR 20.

Dr. Cleveland diagnosed plaintiff with chronic schizophrenia and a depressive disorder.

---

[3] Plaintiff also contends that the ALJ erred in failing to include limitations noted by the examining psychologist, Dr. Odipo. However, plaintiff fails to identify what limitations he is referring to, and instead makes only a general reference to "attendance." See ECF No 16-1 at 12-14. Plaintiff's argument on this point consists primarily of a recitation of legal standards, without providing specificity as to what limitations should have been provided in the hypothetical to the VE. The court accordingly rejects this argument. In addition, plaintiff also contends that the ALJ failed to develop the record by not providing the treatment records from "Northgate Point" to both the non-examining and examining physicians. See ECF No. 16-1 at 14. However, as the Commissioner notes, there is no legal support for the proposition that the ALJ had such an obligation. ECF No. 21 at 13. The ALJ's duty to develop the record is triggered by "ambiguous evidence, or by the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). According, the court also rejects this argument.

AR 480. On multiple occasions, he opined that plaintiff "currently will not be able to hold a job at this time." AR 411 (Doctor Visit on January 15, 2013), 388 (Doctor Visit on August 22, 2013), 473 (Doctor Visit on September 26, 2013). In the Mental Medical Source Statement, Dr. Cleveland opined plaintiff had a "fair"[4] ability to understand and remember "detailed or complex" and "very short and simple instructions." AR 417. Dr. Cleveland based this assessment on "[patient] interaction and [history]." Id. He further opined that plaintiff had a "poor"[5] ability to sustain concentration and task persistence to "carry out instructions," "attend and concentrate," and "work without supervision." Id. Dr. Cleveland based this assessment on "[patient] interaction and [history]." Id.

Dr. Cleveland further opined that plaintiff had a "poor" ability to socially interact with the public and a "fair" ability to interact with coworkers and supervisors. AR 418. This assessment was also based on patient interaction and history. Id. He further opined that plaintiff had a "fair" ability to adapt to "changes in the workplace" and a "poor" ability to be "aware of normal hazards and react appropriately," and "use public transportation to travel to unfamiliar places." Id. Dr. Cleveland based this assessment on patient interaction and history as well as "psycho social economics." Id. He also opined that plaintiff "does not feel he can" "manage benefits in his/her own best interest." Id. Dr. Cleveland stated that "the last date [he] saw this patient" was on August 22 and August 28, 2013. Id. He further opined that plaintiff's prognosis was "fair" and that he needed his medicine to be adjusted, which they were doing, but that the insurance was not helpful. Id.

Although the ALJ recognized Dr. Cleveland as plaintiff's treating psychiatrist, he gave "little weight" to Dr. Cleveland's opinion regarding plaintiff's mental limitations on grounds the opinion "is not supported by [the claimant's] longitudinal mental health treatment records consisting of his direct examinations, observations and objective findings and showed the

---

[4] The Medical Source Statement defined "Fair" as "the evidence supports the conclusion that the individual's capacity to perform the activity is impaired, but the degree-extent of the impairment needs to be further described." AR 417.

[5] The Medical Source Statement defined "Poor" as "the evidence supports the conclusion that the individual cannot usefully perform or sustain the activity." AR 417.

claimant's mental status examinations were within normal limits." AR 20.  In his assessment of plaintiff's residual functional capacity, the ALJ restricted plaintiff to "simple unskilled work with occasional public and fellow employee contact."  AR 17.

        B.  <u>The ALJ's Reasons for Giving Dr. Cleveland's Opinion "Little Weight"</u>

            1.  <u>Length of Treatment</u>

The ALJ gave Dr. Cleveland's opinion "little weight" due in part to the brief treatment history.  The ALJ stated that in the Mental Medical Source Statement "Dr. Cleveland opined he treated the claimant *only on* 8/22/2013 and 8/28/2013." AR 20 (emphasis added).  However, as noted above, Dr. Cleveland saw and treated plaintiff at various intervals from January 2013 through at least January 2014.  The ALJ mistakenly reads Question #5 of the Mental Medical Source Statement as to mean that those dates are the *only* dates on which Dr. Cleveland treated the plaintiff.  AR 418.  On the contrary, Question #5 asks "What was the last date you saw this patient?"  Id.  Dr. Cleveland opined that he last saw plaintiff on 8/22/2013 and 8/28/2013 which is consistent with plaintiff's treatment record.  See AR 386-89, 478-80.

The Commissioner relies on the unremarkable proposition that the weight to be given a treating physician's opinion depends on the duration and frequency of the treating relationship.  ECF no. 21 at 9, citing 20 CFR § 416.927(c)(2)(i) ("[g]enerally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").  The Commissioner argues that because Dr. Cleveland did not have "significant personal treating experience with [p]laintiff," the weight given to his opinion is appropriate.  AR 9.  The Commissioner further argues that treatment records indicate that Dr. Cleveland did not actually treat plaintiff personally on certain occasions.  AR 9, citing to AR 398, 403 (FNP Chinh Le), 390, 395 (Dr. Chianaronk Limanon).  However, the fact that other providers at Dr. Cleveland's clinic also saw plaintiff does not detract from Dr. Cleveland's treating relationship with plaintiff,[6] which is well documented.  As indicated above, the treatment

---

[6] A treating relationship can be established so long as the treating visits are consistent with the type of treatment, and can be as infrequent as two times per year.  See 20 CFR § 416.902 ("[w]e may consider an acceptable medical source who has treated or evaluated you only a few times or (continued…)

10

records show that Dr. Cleveland treated plaintiff at least seven times during the course of a year. The ALJ's factual error regarding the extent of the treating relationship undermines this basis for discrediting Dr. Cleveland's opinion.

### 2. Consistency With Longitudinal Treatment Records

The ALJ stated in general terms that Dr. Cleveland's opinion was not supported by the longitudinal mental health treatment records. AR 20. However, the ALJ failed to specify what portions of Dr. Cleveland's opinion were inconsistent with the treatment records, and did not indicate the nature of the inconsistency. The ALJ failed to identify the specific examination results, clinical observations and objective findings that failed to support Dr. Cleveland's opinion. Instead, the ALJ cited to the entire body of records from the Sacramento Community Health Clinic, where Dr. Cleveland and others treated claimant. Id. (citing Exhs. B6F & B10F).[7] This blanket citation, encompassing over 100 pages of records, fails to satisfy the ALJ's obligation to provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of a treating physician. See Castillo v. Astrue, 310 Fed. Appx. 94, 95-96 (9th Cir. 2009) (ALJ's cursory statement that the medical evidence from an extended period of treatment is "inconsistent" with the treating source opinion is neither supported by the record nor sufficient to support the rejection of that opinion).

### 3. Mental Status Examinations "Within Normal Limits"

The ALJ identified only one particular type of clinical findings that he deemed inconsistent with Dr. Cleveland's opinion: findings in the medical record that "the claimaint's mental status examinations were within normal limits." AR 20. The ALJ did not identify particular mental status examinations or discuss their specific findings. Id. (citing generally to Exhs. B6F, B10F). Even if the record contains discrete mental status exams reflecting results "within normal limits," however, it is error for the ALJ to "pick out a few isolated instances of

---

only after long intervals (e.g. twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s)").

[7] Exhibit B6F, AR 381-414, consists of Dr. Cleveland's office treatment records from January 11, 2013 through August 22, 2013; Exhibit B10F, AR 431-510, consists of Sacramento Community Clinic medical records from January 11, 2013 through May 23, 2014.

improvement over a period of months . . . and to treat them as a basis for concluding a claimant is capable of working." Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). The longitudinal medical record documents that claimant was repeatedly prescribed Risperdal to address his chronic schizophrenia, see, e.g., AR 387, 444, 466, 472, 479, and was repeatedly found unable to work by his treating physician on the basis of patient interactions and history. The ALJ's passing reference to unspecified mental status examinations does not constitute a specific and legitimate reason, supported by substantial evidence in the record, to accord little weight to Dr. Cleveland's opinion.

### C. Harmless Error Analysis

The ALJ's RFC finding restricted plaintiff to "simple unskilled work with occasional public and fellow employee contact." AR 17. The RFC contains no other restrictions based upon plaintiff's mental impairments. The court is unable to say that the ALJ's error is harmless, because including the limitations stated by Dr. Cleveland could well further restrict, or even eliminate entirely, the jobs that plaintiff can perform. See AR 53 (VE testifies that if an individual missed one day of work per week, there would be no jobs available).

### VII. REMAND FOR EBENEFITS OR FOR FURTHER PROCEEDINGS

As discussed above, the ALJ erred in rejecting Dr. Cleveland's opinions and that error was not harmless. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would sever no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2000).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

Under the second step in the remand analysis,[8] the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). Under the third step in this analysis, the court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted). In this case, even when Dr. Cleveland's opinion is credited, the record is ambiguous about whether plaintiff can perform the job identified by the VE.

Because the ALJ did not put Dr. Cleveland's limitations to the VE, nor incorporate them in the RFC, the court does not know if those limitations would eliminate all jobs that plaintiff could perform. The ALJ must have the opportunity to make this determination in the first instance. The matter will accordingly be remanded for further proceedings.

## VIII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 21), is DENIED;
3. This matter is remanded to the Commissioner for further proceedings consistent with this opinion; and
4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 20, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[8] As discussed above, the first step is satisfied because the ALJ failed to provide legally sufficient reasons for rejecting Dr. Cleveland's opinion.

13